IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| United States of America | ) | |
| | ) | |
| | ) | 13 CR 952-1 |
| v. | ) | |
| | ) | Judge Kocoras |
| Eric Rogers , | ) | |
| Eric Curtis | ) | |

## MOTION TO SUPPRESS ELECTRONIC LOCATION EVIDENCE

Eric Rogers , by attorney Michael James Falconer, and Eric Curtis by Jack Rimland moves to suppress electronic location evidence gathered with a court order under the Stored Communications Act but without a warrant. The problem with the search here is two-fold.

1.  The Fourth Amendment trumps the statute [Stored Communications Act, 18 USC §2701-2713 ]

2.  The Stored Communications Act does not authorize a warrant less search for location data.

## I. THE WARRANT REQUIREMENT

Instead of gathering evidence with a search warrant supported by probable cause the government acted through the Stored Communications

Act ("SCA"), 18 USC §2701 *et seq*. The Fourth Amendment, of course, provides that "no Warrants shall issue, but upon probable cause, supported by Oath or Affirmation . . . ." U.S. Const. Amend. IV. It is a "basic principle of Fourth Amendment law" that searches and seizures without a warrant "are presumptively unreasonable." See, e.g., *Groh v. Ramirez*, 540 U.S. 551, 559, 124 S. Ct. 1284, 157 L. Ed. 2d 1068 (2004). The SCA **does** provide for governmental entities requiring records from communication service providers to obtain a warrant under subsection (c)(1)(A). However, the government obtained evidence against Rogers and Davis, not by warrant under section (c)(1)(A) but by order under Section (d). That section does not require probable cause but only a showing that "there are reasonable grounds to believe that the records sought, are relevant and material to an ongoing criminal investigation." *18 U.S.C. § 2703(d)*. The Fourth Amendment provides that no warrants shall issue, but upon probable cause, supported by oath or affirmation. U.S. Const. Amend. IV.

The government has evidence tracking the location of both defendants over a period of more than five months. The evidence was gathered without a warrant.

Courts have recognized location surveillance, particularly over a long period of time, can reveal a great deal about a person.

2

> A person who knows all of another's travels can deduce whether he is a weekly church goer, a heavy drinker, a regular at the gym, an unfaithful husband, an outpatient receiving medical treatment, an associate of particular individuals or political groups—and not just one such fact about a person, but all such facts.

*United States v. Maynard*, 615 F.3d 544, 562 (D.C. Cir. 2010), *aff'd sub nom. United States v. Jones*, 132 U.S. 945 (2012). Accordingly, in *United States v. Jones*, five Justices of the Supreme Court concluded that an investigative subject's "reasonable expectations of privacy were violated by the long-term monitoring of the movements of the vehicle he drove." 132 U.S. at 958, 964 (Alito, J. concurring in the judgment); *id.* at 955 (Sotomayor, J. concurring).

In this case, law enforcement obtained 221 days of cell site location information ("CSLI") for each defendant's phone without a warrant. If tracking a vehicle for 28 days in *Jones* was a search, then surely tracking a cell phone for 221 days is likewise a search, particularly because people keep their phones with them as they enter private spaces traditionally protected by the Fourth Amendment

The capacity of cell phones to track people's movements and provide a vivid picture of their private lives poses a substantial and growing threat to privacy. A recent persuasive case, *United States v. Quartavius Davis*, 2014 U.S. App, LEXIS 10854, June 11, 2014, restricting the government's access to

3

location data stored by cell phone companies is factually similar to the case at bar. In that case involving a man convicted of several convenience store robberies in South Florida, law enforcement agencies obtained location records from cell phone companies by court order but without a warrant.

The United States Attorney's Office in Miami had built a case against Davis partly on the basis of records obtained from his cell phone company showing where he had used his phone over 67 days. The records placed him at the site of the robberies. Prosecutors got access to the data after obtaining an order under 18 USC § 2703(d) from a federal magistrate judge by demonstrating only that the information was "relevant and material" to their investigation.

The Eleventh Circuit ruled that "cell site location information is within the subscriber's reasonable expectation of privacy." This ruling was based in part on *Jones* which held that placing a tracking device on a suspect's car constituted a search under the Fourth Amendment.

As Justice Sonia Sotomayor wrote in a concurring opinion in the, *Jones* case, location data provides "a precise, comprehensive record of a person's public movements that reflects a wealth of detail about her familial, political, professional, religious, and sexual associations." Judges and lawmakers must

make sure that technology is not improperly used to get around Fourth Amendment protections.

## II. THE STORED COMMUNICATIONS ACT

Eric Rogers and Eric Curtis move to suppress all electronic location evidence in this case which the government obtained without a warrant and which is intended to be used at trial by the government to establish the defendant's physical location during significant periods of time because the SCA does not authorize a warrantless search for location data.

Starting January 2013 , and continuing through December 2013, there were multiple armed robberies of commercial establishments in the Chicago land area. For purposes of this motion, it is accepted that by February 16, 2013 the Federal Bureau of Alcohol, Tobacco, and Firearms (ATF) had probable cause to believe:

1. Eric Rogers and  Eric Curtis, were involved in the robberies in various combinations.

2. The cell phone numbers used at the time of the robberies by Eric Rogers and Eric Curtis were identified, as 708.541.8767 and 773.969.6006.

On or about August 14, 2013, the government submitted an "APPLICATION FOR AN ORDER RELATING TO SUBJECT PHONE 1, SUBJECT PHONE 2

AND SUBJECT PHONE 3" to Chief Judge Castillo.". The application did not request issuance of a warrant, but an "order," directed at various providers to submit cell site location data ["CSLI"] related to the Defendants' phone numbers.

The government has provided the defense with maps which show the precise "cell tower" locations correlating to the defendant's calls. The maps also reflect robbery locations and the residence locations of the defendant and co-defendants. The defense understands that the provider records and information allows the government to show the direction of a cell phone's location relative to the cell tower, so the prosecutor will be able to place the cell phone user very close to a robbery location—likely a measurement in yards—at critical times during the crimes.

The government subsequently obtained, pursuant to the Court's order, records and information from which it can establish the defendant's cell phone geographic location at key times during the robberies. However, discovery provided by the government does *not* indicate the degree of accuracy for which the cell phone location can be established. The problem is that the Stored Communications Act much less the Fourth Amendment does not provide for such "a general, exploratory rummaging in a person's belongings." *Andresen v. Maryland*, 427 U.S. 463, 480(1976).

6

Under the SCA, ,:

> *A provider of electronic communication service or remote computing service shall disclose to a governmental entity the-*
> *(A) name;*
> *(B) address;*
> *(C) local and long distance telephone connection records, or records of session times and durations;*
> *(D) length of service (including start date) and types of service utilized;*
> *(E) telephone or instrument number or other subscriber number or identity, including any temporarily assigned network address;*
> *(F) means and source of payment for such service (including any credit card or bank account number),*
> *of a subscriber to or customer of such service when the governmental entity uses an administrative subpoena authorized by a Federal or State statute or a Federal or State grand jury or trial subpoena…*

USCA 18 § 2703(c)(2) (2014).

This statute allows the government to obtain this specified information without a warrant. The statute does **not** include, however, cell site location information [CSLI], This is the data the government obtained without a warrant in *Davis* and here.

The issue for this Court to decide is whether the seizure of long term

location tracking information from third parties is constitutionally protected. In *Jones*, Justice Sotomayor cited *People v. Weaver,* 12 N. Y. 3d 433, 441-442, 909 N. E. 2d 1195, 1199 (2009), which stated: "Disclosed in [GPS] data . . . will be trips the indisputably private nature of which takes little imagination to conjure: trips to the psychiatrist, the plastic surgeon, the abortion clinic, the AIDS treatment center, the strip club, the criminal defense attorney, the by-the-hour motel, the union meeting, the mosque, synagogue or church, the gay bar and on and on." The nature of the location information obtained by the government without a warrant in this case clearly fits with Justice Sotomayor'sstricture.

The defendants contend that the obtaining of the evidence required a warrant upon probable cause. This Court should follow Justice Sotomayor's analysis: prolonged location tracking information is content rich. In this case, the more than four month government data aggregation by warrantless recovery—a search and seizure in the Fourth Amendment sense—necessarily violated a privacy interest which the Constitution protects. The location evidence which the government obtained must be suppressed.

Respectfully submitted,

/s/ Michael James Falconer
an attorney for Eric Rogers


      and

Jack Rimland
an attorney for Eric Curtis

ARDC #6185458
Michael James Falconer
35 East Wacker Dr. #650
Chicago, IL 60001
312.236.7177
mfalconer@prodigy.net