IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Docket Number: 13-cr-952-3 |
| Plaintiff, | ) | |
| | ) | Presiding Judge: |
| v. | ) | The Honorable Charles P. Kocoras |
| | ) | |
| MARCUS HARRIS, *ET. AL*. | ) | |
| Defendants. | ) | |

### MARCUS HARRIS' SUPPLEMENTAL SENTENCING MEMORANDUM

### Court Order Effectuating a Concurrent Sentence.

Marcus Harris, the Probation Office, and the Government are asking this Honorable Court to impose a federal sentence concurrent with the prior state sentence. Should the Court grant the parties' request, Mr. Harris respectfully asks the Court to consider the following, so that the Court's order effectuates a concurrent sentence.

Credit for Prior State Incarceration.

On Jan. 31, 2013, Mr. Harris committed his federal robbery and, 4 days later (on Feb. 4, 2013), Mr. Harris was arrested and charged by State authorities. Since that day almost 3 years ago, Mr. Harris has been continuous incarcerated, officially still by State authorities[1], although he is currently at the Chicago M.C.C.

The Bureau of Prisons will ultimately determine Mr. Harris' release date, and the Bureau will not *sua sponte* give credit to Mr. Harris for his incarceration before the date of his federal sentencing, because the B.O.P.'s position is that a federal "concurrent sentence *commences on*

---

1 Sadowski, H., Regional Counsel of the Federal Bureau of Prisons, "Interaction of Federal and State Sentences When the Federal Defendant is Under State Primary Jurisdiction," Bureau of Prisons Resources (2011), p. 2 ("when a federal defendant is produced for prosecution by a federal *writ* of *habeas corpus ad prosequendum* from state custody[, t]he state authorities retain primary jurisdiction over the prisoner; federal custody does not commence until state authorities relinquish the prisoner on satisfaction of the state obligation"), available at http://www.bop.gov/resources/pdfs/ifss.pdf .

*the date of its imposition*; not on the date of commencement of [a] prior [state] sentence[2]." The B.O.P. follows the Court of Appeals' reasoning in *Coloma v. Holder*, 445 F.3d 1282 (11th Cir. 2006), which held that 2 sentences did not "hav[e] the same starting date because a federal sentence cannot commence prior to the date it is pronounced, even if made concurrent with a sentence already being served." In *Coloma*, the B.O.P. did not credit the 3 years of incarceration before the district court's pronouncement of a concurrent sentence towards that concurrent sentence; although the the district court ordered that the "imprisonment imposed by this judgment shall run concurrently with the term of imprisonment that was ordered pursuant to the judgment in the [earlier] Southern District of Florida case."

Hence, Mr. Harris would respectfully submit that this Court should effectuate an actual concurrent sentence by:

1) ordering that the instant federal sentence commence on the date of its imposition;

2) crediting Mr. Harris' prior state incarceration towards his federal sentence;

3) and specifically ordering this federal term of imprisonment to run concurrently with the state term in the case of *The State of Indiana v. Marcus Sherod Harris*, Docket No.: 46C01-1302-FB-000045, Indiana Circuit Court, LaPorte County.

Respectfully submitted,
Marcus Harris' Counsel
Paúl Camarena, Esq.
*/s/ Paúl Camarena*
Paúl Camarena
500 So. Clinton, No. 132
Chicago, IL 60607
paulcamarena@paulcamarena.com
(312) 493-7494

---

2  Id. (emphasis added).